UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-61482-CIV-MARRA/MATTHEWMAN

SHARON QUARTERS,

    Plaintiff

vs.

MARRIOTT INTERNATIONAL, INC.,

    Defendant.
_____/

**OPINION AND ORDER**

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Cause of Action [DE 4]. The motion is ripe for the Court's consideration. The Court has reviewed all papers submitted in connection with the motion, the entire file, and is otherwise duly advised in the premises.

The motion was brought by Courtyard Management Corp. ("Courtyard"), which states that it was improperly named in Plaintiff's Complaint as Marriott International, Inc.[*Id*. at 1]. Courtyard says that prior to the removal to this Court, Plaintiff had filed a Motion for Leave to Amend its complaint to name the proper party [*Id*. at 1, n.1] Courtyard says Plaintiff's motion was not ruled upon prior to the removal [*Id*.]. Plaintiff responds that she filed an amended complaint prior to the removal naming the proper party [DE 5 at 1].

This issue is not the subject of the instant motion, and, therefore, the Court will not address it. The Complaint and the Amended Complaint are identical with the exception of the name of the Defendant. For ease of reference, the Court will refer herein to the "Complaint".

1

**Background**

Plaintiff alleges that she was a business invitee of Defendant [DE 1-2 at ¶4].  She further alleges that she sat in a damaged chair at Defendant's premises, fell forcefully to the ground, and suffered injuries as a result [*Id*. at ¶7].

Defendant moves to dismiss the Complaint arguing that Plaintiff's complaint contains no facts which would support the legal conclusion that she was an invitee.  Defendant cites to *Pedone v. Fountainbleau Corp.*, 322 So.2d 79 (Fla. 3d DCA 1975) and *Steinberg v. Irwin Operating Co.*, 90 So.2d 460 (Fla. 1956) regarding whether someone is an invitee as opposed to a trespasser.  Defendant notes that different obligations are owed to an invitee as opposed to a trespasser [DE 4 at 3].

Plaintiff responds that the Complaint is sufficient for purposes of Fed. R. Civ. P. 8(a).  Plaintiff notes that in *Pedone*, the court only granted Defendant's motion for a directed verdict finding that the plaintiff was a trespasser after all the evidence had been heard [DE 5 at 4].  Plaintiff argues that Defendant's reliance upon *Steinberg* is similarly misplaced since that decision was rendered upon a summary judgment motion [*Id.*].

**Legal Standard**

With respect to a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court observes first that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The Supreme Court has held that "[w]hile a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'". *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## Discussion

Having reviewed the Complaint, the Court finds that it complies with the requirements of Rule 8(a). Plaintiff's allegation that she was a business invitee of Defendant, while it has legal ramifications, is also a factual description. The Court rejects Defendant's argument that this was insufficient because Plaintiff did not allege that she was a hotel guest or visiting a hotel guest [DE 4 at 3].

The Supreme Court has held that "[w]hile a complaint attacked by a 12(b)(6) motion to dismiss **does not need detailed factual allegations**, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to

raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added, internal citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, **accepted as true**, to 'state a claim to relief that is plausible on its face.'".*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(emphasis added, quotations and citations omitted).

The Complaint is far from the kind of bare bones complaint that would warrant dismissal at this stage of the proceedings.  Accepting as true the allegations in the Complaint, it contains sufficient facts to state a claim that is plausible on its face.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Cause of Action [**DE 4**] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of March, 2014.

_____
KENNETH A. MARRA
United States District Judge